May it please the Court, Gail Ivins appearing on behalf of Petitioner-Appellant Marvin Avila. I first wanted to thank the Court for agreeing to advance this argument from Friday to Monday. I appreciate the consideration. No problem. We appreciated the opportunity to have you give argument and make it happen now rather than putting it off. Okay, thank you. The Certificate of Appealability in this case and the issue raised is a fairly narrow one regarding whether the district courts need a little more clarity from this Court with regard to what the meaning of good cause is in the Supreme Court's decision in Ryans v. Weber. This Court has spoken in Jackson v. Rowe. It didn't say a lot, but I think it clearly suggested that the Respondent's argument is off-base in that the standard is not the standard, the same cause standard for the procedural default under AEDPA. And then the question is what is the standard? And we've had varying district courts come to different conclusions. Judge, now Justice Minella, when she was still sitting on the district court, reached one conclusion. The district court judge on remand in Ryans, in addition to Judge Reed, have reached a more lenient conclusion. And obviously we're arguing that that more generous standard is the correct standard. You would agree with me, however, that there are two real ways that one could look at this case. One is that we talk about good cause and we try to define that. The second might be that the unexhausted claim doesn't have any merit. That would be another way to look at the case. Now... I appreciate that the district court held there was no good cause, but I am not necessarily in this court bound by that. I suppose you'd agree with me. And so we're really looking, first of all, it would seem, in order to really put us on the spot to define good cause, and we may want to get there anyway, but that this case must have some merit someplace. And my worry is, do we really have the merit that this is a lesser included offense, especially given People v. Thomas, California case, and given the fact that in non-capital cases, in Solis v. Garcia, we're not relying on the evidence of trial, which it seems to me is your argument, when determining whether there was a lesser included offense, but we're relying on the statutes of the state of California and the elements, and then we have to compare those to the charging document, which I don't have the charging document in this record. I looked. Yes, you do. I do? Yes, you do, Your Honor. Tell me where it is. ER 250. I've covered it up with my sticky note. All right. Borrowed from my daughter, as you can see. So I guess what I'm saying is. 251. Okay. Under People v. Ortega, 19, California, 4th, we're going to look at the charging document, compare that with the statutes and the elements of it, and given what we tried to do, given our situation, we found it doesn't look to us like there's much here as far as a lesser included offense, especially given People v. Thomas as it relates to the other cocaine offense. Yes. Now, two pieces of that raises a hundred questions. I'll do two pieces first. And I lay out my whole stuff. I'm really seeking for your help here, and that's where I am. Two things. One, the court looks both at either the direct language of the statute in California or at the charging document. As the court will say at ER 251, the charging document has been interlineated so that it is a more limited amount of the possible ways to, you know, transport, give, sell, blah, blah, blah. So it is just limited to the furnish or give away. Rogers, the California Supreme Court case, which was relied upon by appellate counsel, although it is dismissed by respondent as dicta and was apparently so dismissed by the district court, is the California Supreme Court speaking to the issue of what is a lesser included offense and that, you know, you have to possess it to do something with it. Now, I would have to agree that there is some, you know, dispute in California maybe today about whether that's, you know, a correct statement or not a correct statement. Much of that dispute has been in the court of appeals, and I think that if this court is now going to reach that issue, it might be best, given that we do have a charging document that was interlineated, that that question actually go to the district court in the first instance, since this was never developed, this aspect. It's certainly an aspect of the case that I looked at, but I was not appointed until this court issued a certificate of appealability. And then the second part of that is, although this court has had some fairly clear case law interpreting Beck, other courts of appeals have found to the contrary and have found that it's clear it does apply in a noncapital case, the right to a lesser included instruction. And, in fact, in preparing, and I apologize this wasn't in a 28-J letter, and I realize the preference is that we do that weeks in advance, but the reality of practice is often that we're doing this at 4 o'clock in the morning on Monday, and I apologize. In United States v. Hernandez, which was a decision issued on February 14, 2007, Judges Pragerson, Gould, and Clifton thought it was still possibly not clear whether failure to provide a lesser included instruction in cases other than in death penalty context might be considered constitutional error. So I'm not going to get in a debate about whether this court is arguing with itself, but I think particularly given that there are other courts of appeals in this country that have found that it is constitutional error, I don't think that the fact that this court has held in some cases that it isn't makes this plainly not with merit, because I don't think we have to convince only the Ninth Circuit. We're allowed to look at what the Supreme Court would say, and some courts of appeals have disagreed with this court. So those are my two parts to answer the court's question about the merit of the claim that Mr. Avila wants the opportunity to exhaust. Remind me, though, this is an AEDPA standard, right? So we're looking at whether it would be an unreasonable application of Supreme Court precedent. There's no Supreme Court precedent on point. I mean, I think that just as Blackmun has stated, I believe, in at least two cases, that he thinks that's clear, that Beck does not apply to noncapital, but other courts have said that it does. So I think there's just some dispute about whether Beck is clearly established law for noncapital cases. I don't know if they can do any better than that. But that was clearly what the Supreme Court had said. And if there's dispute, though, it's hard to see how that would be objectively unreasonable for a state court to not apply it in a noncapital case, or what would the argument be there? Well, and in this case, we're in sort of this odd position  The California appellate court said this is only a California law issue, and they don't discuss Beck. I mean, they basically cite Braverman and say this is only a California law issue, and then we have the situation where, for whatever reason, the counsel didn't raise it as a federal constitutional issue with the California Supreme Court, and that's sort of the argument here of what the cause is. So we don't actually have the California Supreme Court saying what they would have said in this situation. So it was never presented to the California Supreme Court, and it might be instructive to have Mr. Avila go back and now present that to the California Supreme Court to see what they do say, because the only decision we have is the court of appeals decision, not the California Supreme Court's decision on this issue. And I think there, until it's resolved, I think that comedy and federalism would suggest that it's the California Supreme Court who should speak to this first. Do you want to reserve time? Yes, I would. Thank you, Your Honor. Good morning, Your Honors. Stephanie Brennan on behalf of the California Attorney General's Office representing Respondent Warden Hedgebeck. As we set forth in our briefing, the district court did not abuse its discretion in deciding to deny Petitioner's request for stay in a situation where, at the time, he still had nine months left on his statute of limitations in order to bring his claim. And this was correct for two reasons. First, as discussed in the briefing, there was no good cause in his justification. And secondly, as we had raised in our reply before the district court and again raised before this Court, his unexhausted claim was plainly meritless. There was, one, no state law instructional error, and two, there was no federal question in order for this Court to resolve. So for those two reasons, the district court was correct in its determination. In fact, had it decided to grant stay, it would have been an abuse of discretion to do so. Therefore, we cannot say here, with this abuse of discretion standard, that what the court did in doing so in denying the request for stay was an abuse of discretion. For this reason, this Court should affirm the decision below. The decision below was really based on good cause, wasn't it? It was based. That's what the district court decided to do. However, in our briefing, we did raise both points. We raised good cause and also said that it was a plainly meritless claim. Now, this Court does not need to make its determination based on what the district court did. It can look at the entire record in order to make that determination. And looking at the entire record, this Court should make the determination that what the district court did was correct. In fact, had the district court made a different decision, it would have abused its discretion in so doing. But are you articulating the good cause standard then for us to set out here? Because as I understood counsel, as I understand really what might be said to be set up, ready for a good explanation of good cause, we'd have to put a standard together. And I felt uncomfortable with you. I mean, do I say the district court standard is the correct standard? This Court, in fact, does need to reach that determination. So we can just say that the standard they used, based on what they had in front of them, it wasn't an abusive standard and, therefore, we can make that ruling? Correct. Because it does not need to set forth a standard and, in fact, can solely base it on the second prong being that it was a plainly meritless claim. So while this case may have potentially provided an opportunity to do so, this Court certainly does not need to do so. And, in fact, I think the cleaner way to do it would be just going to the second prong. Does the Court have any other questions? Thank you. I'll submit it on the papers. Very briefly, when this Court in Jackson v. Roe decided that the wrong standard of good cause had been applied, it remanded to the district court to develop the undeveloped contentions. And I would just suggest that if this Court decided that the wrong standard decides not to reach the standard of good cause, that would also be the appropriate approach. Thank you. Thank you.
judges: Nelson, Ikuta, Smith